[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This petition for custody and support came to the court in May, 1996. It was heard on September 23, 1997, at which time the respondent was represented by counsel. The petitioner, Elisa Fox, alleges that the respondent is the natural father of Ian Fox born January 13, 1991, and Britteny Fox born January 29, 1992. She seeks sole custody of the minor children and child support. She also asks that the respondent provide medical and dental insurance for the minor children.
On October 7. 1996, the parties entered into a stipulation which was accepted by the court. Through his attorney, the respondent agreed that he would pay the sum of $228 for the support of the minor children beginning July 1, 1996, and $100 per week toward an arrearage of $684 as of July 23, 1996. In addition, the respondent agreed to provide, through his employer, medical and dental insurance for the benefit of the minor children, and to share equally in their unreimbursed medical and dental expenses. At that time, the respondent filed a financial affidavit dated July 22, 1996, that showed he worked for Pandrol-Jackson of Ludington, Michigan, and earned gross wages of $921.71 from which was deducted a total of $373.76, leaving a net weekly wage of $547.95. A wage execution in the amount of $228 was issued. He filed no financial affidavit for the September 23 hearing.
The court finds the following facts as a result of the September 23 hearing. At the September 23 hearing, the petitioner was earning $200 less per week because she had reduced the number of hours she works. Her son is no longer in full-time day care as he now attends public school.
As a result, she works three days per week from 9 a.m. to 2:30 p.m. and pays $187.75 for child care at the New England Country Day School. She would have to pay someone to collect her son from school if she were to work full-time. This schedule allows her to be a room-mother for her daughter one day each week. She did not work for several weeks this year because of an automobile accident. She seeks weekly child support in the amount of $240. This claim is based on purported deductions to the respondent's gross income which she provided on the child support guidelines worksheet. However, the source of those amounts is not clear to the court. No pay stub was provided and there was no testimony as to how the petitioner arrived at those amounts. CT Page 13473
The father has had minimum contact with the children. The mother would like to see a relationship develop but that has been hindered by the father's failure to participate in Family Services mediation, which he requested, and his failure to visit with the children. While his work schedule apparently causes him to be out-of-state much of the time, he provides the mother with no plan to return to see the children on a regular basis. In their few telephone conversations, the mother has sought to engage him in a discussion about the children's emotional well-being but he ends the conversation abruptly. In short, she wishes him to behave in a more fatherly manner than he himself has shown a willingness to do.
Accordingly, the court enters the following orders:
A. The petitioner shall have sole legal and physical custody of the minor children.
B. The respondent shall have reasonable and flexible visitation with the children upon forty-eight hour notice to the petitioner and upon due consideration given to the children's schedule. The plaintiff shall have the right to refuse visitation if she deems it in the best interest of the children because of the father's failure to maintain consistent contact with the children.
C. The respondent shall pay child support to the petitioner in the amount of $228 per week until the first of the following events to occur: (1) the minor children attain the age of eighteen years, or nineteen years if attending high school full-time; (2) the death of the respondent; (3) the death of the minor child. The wage withholding order is to continue in effect.
D. The respondent shall maintain and provide medical and dental insurance for the minor children until they attain their majority or, if available beyond their majority, while they pursue post-secondary education. Both parties shall share equally in the unreimbursed medical and dental expenses. For the purpose of this paragraph, medical and dental expenses include but are not limited to psychiatric, psychological, orthodontal, prescriptive and hospital expenses.
E. Pursuant to § 46b-84 of the Connecticut General Statutes: (1) the signature of the petitioner (custodial parent) CT Page 13474 shall constitute a valid authorization to the insurer for purposes of processing an insurance reimbursement payment to the provider of the medical services or to the custodial parent; (2) neither parent shall prevent or interfere with the timely processing of any insurance reimbursement claim; and (3) if the parent receiving an insurance reimbursement payment is not the parent who is paying the bill for the services of the medical provider, the parent receiving such insurance reimbursement payment shall promptly pay to the parent paying such bill any insurance reimbursement for such services. For purposes of subdivision (1), the custodial parent shall be responsible for providing the insurer with a certified copy of the order requiring maintenance of insurance for the minor children. The custodial parent shall be responsible for providing the insurer with a certified copy of any order which materially alters the provision of this original order with respect to the maintenance of insurance for a child. If presented with an insurance reimbursement claim signed by the custodial parent, such insurer shall reimburse the provider of the medical services, if payment is to be made to such provider under the policy, or shall otherwise reimburse the custodial parent.
F. The defendant shall continue to maintain any and all life insurance policies he currently has available to him naming the plaintiff as beneficiary for the benefit of the minor children.
G. The plaintiff shall be entitled to claim the minor children as dependency exemptions for purposes of filing her state and federal income tax returns for the 1997 tax year and all subsequent years.
All other claims for relief not expressly addressed herein have been rejected.
Leheny, J.